**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA (PHILADELPHIA)**

| | | |
|---|---|---|
| **GARY WATKINS** | : | |
| 8891 20th Avenue, Apt. 4b | : | |
| Brooklyn, New York 11214 | : | |
| | : | Civil Action No.: |
| And | : | |
| | : | |
| **SURPASS INVESTING LLC** | : | **JURY TRIAL OF TWELVE (12)** |
| 8891 20th Avenue, Apt. 4b | : | **JURORS DEMANDED.** |
| Brooklyn, New York 11214 | : | |
| | : | |
| v. | : | |
| | : | |
| **GREG PARKER** | : | |
| 3020 Redner Street | : | |
| Philadelphia, PA 19121 | : | |
| | : | |
| And | : | |
| | : | |
| **GREGORY PARKER, JR.** | : | |
| 3020 Redner Street | : | |
| Philadelphia, PA 19121 | : | |
| | : | |
| And | : | |
| | : | |
| **DANIELLE MORRIS PARKER** | : | |
| 3020 Redner Street | : | |
| Philadelphia, PA 19121 | : | |
| | : | |
| And | : | |
| | : | |
| **CICILY HAWES** | : | |
| 3020 Redner Street | : | |
| Philadelphia, PA 19121 | : | |
| | : | |
| And | : | |
| | : | |
| **SHAWN BUTLER** | : | |
| 3020 Redner Street | : | |
| Philadelphia, PA 19121 | : | |
| | : | |
| And | : | |
| | : | |
| **SUMMER JEFFERSON** | : | |

1

3020 Redner Street                          :
Philadelphia, PA 19121                      :
                                            :
    And                 :
                                            :
**AP CAPITAL, LLC**                         :
3020 Redner Street                          :
Philadelphia, PA 19121                      :
                                            :
    And                 :
                                            :
**G PARKER UNLIMTED, LLC**                  :
3020 Redner Street                          :
Philadelphia, PA 19121                      :
                                            :
    And                 :
                                            :
**PARKER PROPERTIES**                       :
**UNLIMTED, LLC**                           :
3020 Redner Street                          :
Philadelphia, PA 19121                      :
                                            :
    And                 :
                                            :
**PARKER UNLIMITED**                        :
**PROPERTIES, LLC**                         :
3020 Redner Street                          :
Philadelphia, PA 19121                      :
                                            :
    And                 :
                                            :
**ARIELLA ESTATES LLC**                     :
600 E. Superior Ave, Ste. 1300              :
Cleveland, OH 44114                         :
                                            :
    And                 :
                                            :
**PARKER COMMUNITY**                        :
**DEVELOPMENT LLC**                         :
3020 Redner Street                          :
Philadelphia, PA 19121                      :
                                            :
    And                 :
                                            :
**DIAMANTE ENTERPRISES LLC**                :
1401 N. 29th Street, Ste. 200          :

2

Philadelphia, PA 19121                    :
                                          :
     And                            :
                                          :
**JOHN DOES 1-10**,                       :
                                          :
     Defendants.            :

_____

<u>CIVIL ACTION COMPLAINT</u>

## I.  INTRODUCTION

1.     Plaintiffs, Gary Watkins and Surpass Investing LLC, bring this action against Defendants, Greg Parker, Gregory Parker, Jr., Danielle Morris Parker, Cicily Hawes, Shawn Butler, and Summer Jefferson, as well as certain business that Defendants control, that operate as a unified corrupt organization under the Racketeer Influenced and Corrupt Organizations Act in a simple fraud scheme.

2.     The RICO Enterprise marketed itself to budding investors seeking to make a start in real estate investing through various group and individual seminars in the Greater Philadelphia area. The RICO Enterprise used Defendant, Greg Parker's perceived status as a "real estate mogul" in a you-can-do-it-too educational scheme, that was in fact a front used to induce students into purchasing real estate properties from the RICO Enterprise.

3.     However, in reality, the RICO Enterprise, after gaining the trust of its students, accepted sums for the investment, purchase and/or renovation of properties that either were non-existent or the RICO Enterprise were not authorized to sell. In the instant matter, the RICO Enterprise accepted sums of money for the sale of an investment property to Plaintiffs and failed to transfer the purported investment property to Plaintiffs.

4.      It is believed and therefore averred that the RICO Enterprise continues to solicit victims through its group and individual seminars for the purpose of gaining those victims' trust in order to continue its simple fraud scheme.

5.      Plaintiffs now bring the RICO claim, as well as a number of state law claims, for the fraudulent and deceptive conduct of the RICO Enterprise.

## II.    JURISDICTION & VENUE

6.      Plaintiffs incorporate the foregoing paragraphs as if set forth at length herein.

7.      This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 as this matter involves a federal question, as well as pursuant to 18 U.S.C. §§ 1961-1968 for violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO") as Defendants have, directly and/or indirectly, made use of the means and/or instrumentalities of interstate commerce in connection with the transactions, acts, practices and courses of business alleged herein.

8.      This Honorable Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

9.      Venue is proper in this District as (i) one or more defendants reside within this District; and (ii) one or more of the transactions, acts, practices and courses of business alleged herein occurred within this District.

10.     All Defendants performed substantial business within this District, as described herein, thereby knowingly subjecting themselves to the jurisdiction of this Honorable Court.

## III.   PARTIES

11.     Plaintiffs incorporate the foregoing paragraphs as if set forth at length herein.

4

12.     Plaintiff, Gary Watkins, is an adult individual with a mailing address at the above-captioned address.

13.     Plaintiff, Surpass Investing LLC, is a limited liability company existing by virtue of and operating under the laws of the State of Ohio, with a mailing address at the above-captioned address. At all material times, Plaintiff, Gary Watkins was the sole owner-operator of Plaintiff, Surpass Investing LLC.

14.     Defendant, Greg Parker is an adult individual currently with an office place at the above-captioned address and a member of the RICO Enterprise. Defendant, Greg Parker directs and controls the RICO Enterprise.

15.     Defendant, Gregory Parker, Jr. is an adult individual currently with an office place at the above-captioned address and a member of the RICO Enterprise. Defendant, Danielle Morris Parker is a participant in the RICO Enterprise with knowledge of the RICO Enterprise's purpose and intent.

16.     Defendant, Danielle Morris Parker is an adult individual currently with an office place at the above-captioned address and a member of the RICO Enterprise. Defendant, Danielle Morris Parker is a participant in the RICO Enterprise with knowledge of the RICO Enterprise's purpose and intent.

17.     Defendant, Cicily Hawes, is an adult individual currently with an office place at the above-captioned address and a member of the RICO Enterprise. Upon information and belief, Defendant, Cicily Hawes is a participant in the RICO Enterprise with knowledge of the RICO Enterprise's purpose and intent.

18.     Defendant, Shawn Butler, is an adult individual currently with an office place at the above-captioned address and a member of the RICO Enterprise. Upon information and belief,

Defendant, Shawn Butler is a participant in the RICO Enterprise with knowledge of the RICO Enterprise's purpose and intent.

19.    Defendant, AP Capital, LLC is a limited liability company existing by virtue of and operating under the laws of the Commonwealth of Pennsylvania, with a primary place of business at the above-captioned address. Upon information and belief, Defendant, Greg Parker is the owner-operator of Defendant, AP Capital, LLC.

20.    Defendant, G Parker Unlimited LLC, is a limited liability company existing by virtue of and operating under the laws of the Commonwealth of Pennsylvania, with a primary place of business at the above-captioned address and a member of the RICO Enterprise. Upon information and belief, Defendant, Greg Parker is the owner-operator of Defendant, G Parker Unlimited LLC.

21.    Defendant, Parker Properties Unlimited, LLC, is a limited liability company existing by virtue of and operating under the laws of the Commonwealth of Pennsylvania, with a primary place of business at the above-captioned address and a member of the RICO Enterprise. Defendant, Greg Parker and/or Defendant, Danielle Morris Parker is the owner-operator of Defendant, Parker Properties Unlimited, LLC.

22.    Defendant, Parker Unlimited Properties, LLC, is a limited liability company existing by virtue of and operating under the laws of the Commonwealth of Pennsylvania, with a primary place of business at the above-captioned address and a member of the RICO Enterprise. Defendant, Greg Parker and/or Defendant, Danielle Morris Parker is the owner-operator of Defendant, Parker Unlimited Properties, LLC.

23.    Defendant, Ariella Estates LLC, is a limited liability company existing by virtue of and operating under the laws of the Commonwealth of Pennsylvania, with a primary place of

business at the above-captioned address and a member of the RICO Enterprise. Defendant, Gregory Parker, Jr. is the registered agent of Defendant, Ariella Estates LLC. Defendant, Defendant, Gregory Parker, Jr. is the owner-operator of Defendant, Ariella Estates LLC.

24.     Defendant, Parker Community Development LLC, is a limited liability company existing by virtue of and operating under the laws of the Commonwealth of Pennsylvania, with a registered and primary place of business at the above-captioned address and a member of the RICO Enterprise. Defendant, Greg Parker and/or Defendant, Danielle Morris Parker is the owner-operator of Defendant, Parker Community Development LLC.

25.     Defendant, Diamante Enterprises LLC is a limited liability company existing by virtue of and operating under the laws of the Commonwealth of Pennsylvania, with a primary place of business at the above-captioned address and a member of the RICO Enterprise. Defendant, Danielle Morris Parker is the owner-operator of Defendant, Diamante Enterprises LLC.

26.     Defendants, John Does 1-10, is a moniker/fictitious name for individuals and entities currently unknown but will be substituted when known, as affiliated, associated or liable hereunder for the reasons set forth below or inferred therefrom. Each of these parties are incorporated as Defendants in each and every count and averment listed above and below. Upon information and belief, Defendants, John Does, were agents, servants, workmen, employees, affiliates, and/or co-conspirators of Co-Defendant(s) and/or members of the RICO Enterprise, liable to Plaintiffs hereunder.

27.     The term "RICO Enterprise" herein refers collectively to Defendants, Greg Parker, Danielle Morris Parker, Cicily Hawes, Shawn Butler, Summer Jefferson, AP Capital LLC, G Parker Unlimited LLC, Parker Properties Unlimited, LLC, Parker Unlimited Properties, LLC, Parker Community Development LLC, Diamante Enterprises LLC, and John Does 1-10.

IV.   **OPERATIVE FACTS**

28.    Plaintiffs incorporate the foregoing paragraphs as if set forth at length herein.

29.    Defendant, Greg Parker holds himself out to the public as a "real estate mogul" who has the ability to transform individuals through group and individual real estate seminars into successful real estate investors.

30.    Defendant, Greg Parker hosts fee-based, group seminars on real estate investing through which Defendant, Greg Parker identifies individuals for one-on-one classes and investment schemes.

31.    Defendant, Greg Parker has been a guest lecturer at Temple University, as well as seminars hosted by third-parties, concerning real estate investing. Defendant, Greg Parker was also featured in an article by Black Enterprise[1] and has been a guest on podcasts.

32.    Defendants, Greg Parker, Gregory Parker, Jr., Danielle Morris Parker, Cicily Hawes, Shawn Butler, and Summer Jefferson use a host of legal entities to shield themselves from their fraud victims, including, *inter alia*, Defendants, AP Capital LLC, G Parker Unlimited LLC, Parker Properties Unlimited, LLC, Parker Unlimited Properties, LLC, Parker Community Development LLC, and Ariella Estates LLC.

33.    In or around Winter 2020, Plaintiff, Gary Watkins became aware of Defendant, Greg Parker's reputation as a "real estate mogul" and that he provided investment opportunities in real estate through Defendant, AP Capital, LLC, also known as "Big Business".

34.    In or around January 2020, Plaintiff, Gary Watkins spoke with Defendant, Greg Parker concerning an "opportunity" to "invest" in Defendant, AP Capital LLC via a joint venture

---

[1]       *[Passion to Purpose] Meet Real Estate Investor and Community Builder Greg Parker.* Daron Pressley, November 12, 2016. Black Enterprise Website, accessed on April 13, 2021, at https://www.blackenterprise.com/meet-real-estate-investor-greg-parker/.

scheme. Specifically, Defendant, Greg Parker represented to Plaintiff, Gary Watkins that Defendant, AP Capital LLC owned a specific property that required "rehabilitation" in order to flip the property, specifically a property located at and known as 2722 W. Girard Avenue, Philadelphia, PA (the "Investment Property").

35.     Defendant, Greg Parker represented that Plaintiff, Gary Watkins could invest $10,000 and be paid back $12,000 within six months; reflecting a 40% *annualized* interest rate.

36.     Plaintiff, Richard Jenkins, Jr. relied upon Defendant, Greg Parker's representations in deciding to "invest" with Defendant, AP Capital, LLC.

37.     Defendant, Greg Parker then directed Defendant, Shawn Butler to handle the deal.

38.     On or about February 5, 2020, Plaintiff, Gary Watkins entered into a "Joint Venture Agreement" with Defendant, AP Capital, LLC. *See* Exhibit A

39.     The "Joint Venture Agreement" called for Plaintiff, Gary Watkins to "invest the sum of $10,000.00 (Ten Thousand Dollars), to be used to rehabilitate the property located at 2722 W. Girard Avenue, Philadelphia, PA. [Defendant, AP Capital LLC] will conduct the rehabilitation of the Property." *See* Exhibit A.

40.     Further, the Joint Venture Agreement confirmed that, "[w]ithin 6 months, [Plaintiff, Gary Watkins] will receive a total of $12,000 (Twelve Thousand three hundred Dollars) (sic) which is the initial investment amount in Addition (sic) to 20% interest accrued of $2,000.00 (Two Thousand Hundred (sic) Dollars)." *See* Exhibit A.

41.     Further, the Joint Venture Agreement stated that Defendant, AP Capital LLC would refinance the Investment Property "[u]pon competition of the rehabilitation" of it. *See* Exhibit A.

42.     Further, per the Joint Venture Agreement, Plaintiff, Gary Watkins was entitled to $300 per month in additional interest for each month the payout was delayed. *See* Exhibit A.

43.     Defendant, Shawn Butler executed the Joint Venture Agreement on behalf of Defendant, AP Capital on February 11, 2020. *See* Exhibit A.

44.     Plaintiff, Gary Watkins wired the sum of $10,035 to Defendant, AP Capital LLC on or about February 7, 2020.

45.     Unbeknownst to Plaintiff, Gary Watkins at the time, Defendant, AP Capital LLC did not own the Investment Property. Rather, Defendant, Parker Community Development LLC owned the Investment Property.

46.     In or around June 2020, Defendant, Greg Parker told Plaintiff, Gary Watkins that he had a new deal for Plaintiff involving the purchase of a property in lieu of the monetary payout from the investment. Specifically, Defendant, Greg Parker explained that he would sell Plaintiff a property in Cleveland, Ohio in exchange for the initial investment payout and an additional $8,000 (the "Cleveland Property").

47.     Defendant, Greg Parker did not identify the Cleveland, Ohio Property, but represented to Plaintiff, Gary Watkins that the Cleveland Property needed approximately $5,000 in cosmetic repairs in order to put the property into a "rentable state".

48.     Defendant, Greg Parker also instructed Plaintiff, Gary Watkins to form an entity to place the Cleveland Property into. As a result, Plaintiff, Gary Watkins created Plaintiff, Surpass Investing LLC.

49.     Defendant, Greg Parker told Plaintiff, Gary Watkins, at various times, to work with Defendants, Danielle Morris Parker, Cicily Hawes, Shawn Butler, and Summer Jefferson to complete the steps.

50.     At the direction of Defendant, Danielle Morris Parker, Plaintiff, Gary Watkins wired the additional $8,035 to Diamante Enterprises on or about June 23, 2020.

51.     Thereafter, Defendant, Greg Parker refused to return Plaintiff's calls and text messages.

52.     Over the course of the next few months, Plaintiff, Gary Watkins regularly contacted Defendants, Greg Parker, Gregory Parker, Jr., Danielle Morris Parker, Cicily Hawes, Shawn Butler, and Summer Jefferson in an attempt to ascertain an update regarding the Cleveland Property and when it would be transferred to Plaintiff, Surpass Investing LLC. On the occasions that Defendant, Shawn Butler answered the phone calls, Defendant, Shawn Butler would simply tell Plaintiff, Gary Watkins to contact Defendant, Greg Parker.

53.     Finally, on or about December 4, 2020, Plaintiff, Gary Watkins reached Defendant, Greg Parker, who initially pretended not to know who Plaintiff was.

54.     Plaintiff demanded the return of the funds previously provided. In response, Defendant, Greg Parker falsely told Plaintiff that the "contract" stated "no refunds". However, at that time, Plaintiff has only signed the Joint Venture Agreement, which has no such condition. *See* Exhibit A.

55.     Instead, Defendant, Greg Parker told Plaintiff he had a property in Baltimore, Maryland that he would sell Plaintiff instead of the Cleveland Property. Defendant, Greg Parker told Plaintiff that it was worth more than the Cleveland Property as it was a "corner house", would be a good rental property, and needed approximately $5,000 in cosmetic repairs in order to put the property into a "rentable state".

56.     Believing that he had no other good choice, Plaintiff, Gary Watkins, on behalf of Plaintiff, Surpass Investing LLC entered into a purchase agreement with Defendant, Ariella Estates LLC to purchase a property located at 2838 Winchester Street, Baltimore, MD 21216 (the "Baltimore Property") for the sum of $20,000. *See* Exhibit B ("Purchase Agreement").

57.    Defendant, Greg Parker told Plaintiff that the additional sums Plaintiff previously paid would cover the closing costs.

58.    Defendant, Danielle Morris Parker, Gregory Parker, Jr., and Cicily Hawes communicated with Plaintiff, Gary Watkins regarding the execution of the Purchase Agreement.

59.    The Purchase Agreement was executed by Defendant, Gregory Parker, Jr. on behalf of Defendant, Ariella Estates, LLC.

60.    Over the course of the following two years, Plaintiff, Gary Watkins contacted Defendants, Greg Parker, Gregory Parker, Jr., Danielle Morris Parker, Cicily Hawes, Shawn Butler, and Summer Jefferson concerning the status of the transfer of the Baltimore Property to Plaintiff, Surpass Investing LLC. However, Defendants would continue to give Plaintiff the run around or would pretend to lose phone connection.

61.    Finally, in or around August 2022, Plaintiff was able to reach Defendant, Gregory Parker, Jr., who informed Plaintiff that an updated purchase agreement was needed to complete the transaction.

62.    As such, on or about September 7, 2022, Plaintiff, Gary Watkins, on behalf of Plaintiff, Surpass Investing LLC entered into a second purchase agreement with Defendant, Ariella Estates LLC to purchase a property located at 2838 Winchester Street, Baltimore, MD 21216 (the "Baltimore Property") for the sum of $20,000. *See* Exhibit C ("Second Purchase Agreement").

63.    The Second Purchase Agreement was executed by Defendant, Gregory Parker, Jr. on behalf of Defendant, Ariella Estates, LLC.

64.    The Baltimore Property is in a state of disrepair, has significant fire damage, appears abandoned, and requires tens of thousands of dollars to make the property habitable.

65.    The Baltimore Property is in a drug-invested area.

12

66. When Plaintiff, Gary Watkins confronted Defendant, Greg Parker concerning the false representations he made regarding the condition of the Baltimore Property, Defendant, Greg Parker's response was, "so was Harlem and look at Harlem now".

67. Nonetheless, the Baltimore Property still remains in the name of Defendant, Ariella Estates, LLC. Plaintiff has not received anything but false promises for the funds Plaintiffs transferred to Defendants.

V.    CAUSES OF ACTION

## COUNT I
### Violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO")
#### *Plaintiffs v. All Defendants*

68. Plaintiffs incorporate the foregoing paragraphs as if set forth at length herein.

69. Plaintiffs, Gary Watkins and Surpass Investing LLC are "persons" as that term is defined for purpose of the RICO Act. *See* 18 U.S.C. §1961(3).

70. Defendants, Greg Parker, Danielle Morris Parker, Cicily Hawes, Summer Jefferson, Shawn Butler, AP Capital LLC, G Parker Unlimited LLC, Parker Properties Unlimited, LLC, Parker Unlimited Properties, LLC, Parker Community Development LLC, Diamante Enterprises LLC, and John Does 1-10 are "persons" as that term is defined for purpose of the RICO Act. *See* 18 U.S.C. §1961(3).

71. Defendants, Greg Parker, Danielle Morris Parker, Cicily Hawes, Summer Jefferson, Shawn Butler, AP Capital LLC, G Parker Unlimited LLC, Parker Properties Unlimited, LLC, Parker Unlimited Properties, LLC, Parker Community Development LLC, Diamante Enterprises LLC, and John Does 1-10 constitute an "enterprise" as that term is defined for purpose of the RICO Act. *See* 18 U.S.C. §1961(4).

72.    Defendants, Greg Parker, Danielle Morris Parker, Cicily Hawes, Summer Jefferson, Shawn Butler, AP Capital LLC, G Parker Unlimited LLC, Parker Properties Unlimited, LLC, Parker Unlimited Properties, LLC, Parker Community Development LLC, Diamante Enterprises LLC, and John Does 1-10 acted together to form an association-in-fact for the common and continuing purpose to defraud persons", including but not limited to Plaintiffs, through a simple fraud scheme.

73.    Defendants, Greg Parker, Danielle Morris Parker, Cicily Hawes, Summer Jefferson, Shawn Butler, AP Capital LLC, G Parker Unlimited LLC, Parker Properties Unlimited, LLC, Parker Unlimited Properties, LLC, Parker Community Development LLC, Diamante Enterprises LLC, and John Does 1-10 formed an enterprise and association-in-fact with an ascertainable authority structure that was separate and distinct from any formal corporate structure, i.e. the RICO Enterprise.

74.    The RICO Enterprise, knowingly, fraudulently, deceptively, and unlawfully engaged in the affairs of the RICO Enterprise through a "pattern of racketeering activities", that is believed to be ongoing and continuous, as that term is defined for purpose of the RICO Act. *See* 18 U.S.C. §1961(1).

75.    It is believed and therefore averred that the RICO Enterprise's actions, as described herein, are acts that are part of the RICO Enterprise's regular way of doing business. It is believed and therefore averred that the RICO Enterprise continues to solicit victims through its group and individual seminars for the purpose of gaining those victims' trust in order to continue its simple fraud scheme in the same fashion as described herein.

76.    The RICO Enterprise engaged in a pattern of indictable conduct, including conduct indictable under 18 U.S.C. 1343 (relating to wire fraud) and 18 U.S.C. 1952 (relating to

racketeering), in that the RICO Enterprise made use of the facilities of interstate commerce in furtherance of simple fraud scheme, including, but not limited to, Plaintiffs herein. Plaintiff is aware of similar allegations asserted in the matter of *Raymond Schaffer, et al. v. Greg Parker, et al.*, Eastern District of Pennsylvania, No. 21-02171, *Damon L. Patterson v. Greg Parker, et al.,* Eastern District of Pennsylvania, No. 22-00463, *Lawrence Wesley, etl al v. Greg Parker, et al.,* Eastern District of Pennsylvania, No. 22-04699, *Richard Jenkins, Jr., et al. v. Greg Parker, et al.,* Eastern District of Pennsylvania, No. 22-04697; and, *Leslie Myles, et al. v. Greg Parker, et al.,* Eastern District of Pennsylvania, No. 23-02175.

77.     The RICO Enterprise engages in and affects interstate commerce, including, but not limited to, in the State of Ohio, the State of Virginia, the State of Michigan, and the Commonwealth of Pennsylvania.

78.     As a result of the RICO Enterprise's pattern of racketeering activities, the RICO Enterprise defrauded Plaintiffs to their financial detriment.

79.     Pursuant to 18 U.S.C. § 1964, Plaintiffs are entitled to treble damages, reasonable attorneys' fees, and costs of suit for the violations committed.

### COUNT II
**Fraud**
*Plaintiffs v. Greg Parker & Gregory Parker, Jr.*

80.     Plaintiffs incorporate the foregoing paragraphs as if set forth at length herein.

81.     Defendants, Greg Parker and Gregory Parker, Jr. represented to Plaintiffs that they would lawfully sell an investment property to Plaintiffs in a timely manner.

82.     However, at the time of the representation and subsequent purported transaction, Defendants, Greg Parker and Gregory Parker, Jr. did not intend to transfer any property to Plaintiffs.

15

83.     Plaintiff reasonably and justifiably relied on Defendants, Greg Parker and Gregory Parker, Jr.'s representations, described *supra*.

84.     Plaintiff, relying on Defendants, Greg Parker and Gregory Parker, Jr. representations, transferred sums to account identified by Defendants to Plaintiff's financial and emotional detriment.

85.     Plaintiff has not received any consideration for the sums that Plaintiff transferred in reliance on Defendants, Greg Parker and Gregory Parker, Jr. representations.

86.     As a result of the foregoing, Plaintiffs have suffered significant financial harm, including the loss of the funds and lost profits; as well as the emotional distress caused thereby.

**COUNT III**
**Conspiracy / Aiding & Abetting**
*Plaintiff v. All Defendants*

87.     Plaintiffs incorporate the foregoing paragraphs as if set forth at length herein.

88.     Defendants, Greg Parker, Danielle Morris Parker, Cicily Hawes, Summer Jefferson, Shawn Butler, AP Capital LLC, G Parker Unlimited LLC, Parker Properties Unlimited, LLC, Parker Unlimited Properties, LLC, Parker Community Development LLC, Diamante Enterprises LLC, and John Does 1-10 acted in concert to defraud Plaintiffs.

89.     Defendants, Greg Parker, Danielle Morris Parker, Cicily Hawes, Summer Jefferson, Shawn Butler, AP Capital LLC, G Parker Unlimited LLC, Parker Properties Unlimited, LLC, Parker Unlimited Properties, LLC, Parker Community Development LLC, Diamante Enterprises LLC, and John Does 1-10 agreed and conspired to defraud Plaintiffs out of funds as described herein to their benefit and the detriment of Plaintiffs.

90.     Defendants, Greg Parker, Danielle Morris Parker, Cicily Hawes, Summer Jefferson, Shawn Butler, AP Capital LLC, G Parker Unlimited LLC, Parker Properties Unlimited, LLC,

Parker Unlimited Properties, LLC, Parker Community Development LLC, Diamante Enterprises LLC, and John Does 1-10 aided and abetted Defendants, Greg Parker and Gregory Parker, Jr.'s fraud.

## COUNT IV
### Breach of Contract
*Plaintiffs v. Defendant,* Ariella Estates LLC

91.     Plaintiffs incorporate the foregoing paragraphs as if set forth at length herein.

92.     Plaintiffs and Defendant, Ariella Estates LLC entered into the Second Purchase Agreement for Plaintiffs' purchase of the Baltimore Property.

93.     Plaintiffs paid all sums for the purchase of the Baltimore Property pursuant to the Second Purchase Agreement.

94.     Defendant, Ariella Estates LLC breached the Second Purchase Agreement by failing to transfer the Baltimore Property to Plaintiffs to Plaintiffs' financial detriment.

## COUNT V
### Unjust Enrichment
*Plaintiff v. Defendant, AP Capital LLC*

95.     Plaintiffs incorporate the foregoing paragraphs as if set forth at length herein.

96.     Under the circumstances, it would be unjust for Defendant, AP Capital, LLC to retain the $10,035 it received from Plaintiffs under false pretenses.

## COUNT VI
### Unjust Enrichment
*Plaintiff v. Defendant, Diamante Enterprises LLC*

97.     Plaintiffs incorporate the foregoing paragraphs as if set forth at length herein.

98.     Under the circumstances, it would be unjust for Defendant, Diamante Enterprises LLC to retain the $8,035 it received from Plaintiffs under false pretenses.

## COUNT VII
### Unjust Enrichment
*Plaintiff v. Defendant, Parker Community Development LLC*

99.     Plaintiffs incorporate the foregoing paragraphs as if set forth at length herein.

100.    Under the circumstances, it would be unjust for Defendant, Parker Community

Development LLC to retain the $10,035 it received from Plaintiff towards the renovations of the

Investment Property.

## COUNT VIII
### Specific Performance
*Plaintiffs v. Defendant,* Ariella Estates LLC

101.    Plaintiffs incorporate the foregoing paragraphs as if set forth at length herein.

102.    As the Baltimore Property is unique, only the specific performance of the transfer of the

Baltimore Property to Plaintiffs will make Plaintiffs whole.

**VI.     PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, Gary Watkins and Surpass Investing LLC by and through

their undersigned counsel, hereby respectfully demands judgment in their favor and against

Defendants, Greg Parker, Danielle Morris Parker, Cicily Hawes, Summer Jefferson, Shawn

Butler, AP Capital LLC, G Parker Unlimited LLC, Parker Properties Unlimited, LLC, Parker

Unlimited Properties, LLC, Parker Community Development LLC, Diamante Enterprises LLC,

and John Does 1-10, for an amount in excess of $75,000, including all compensatory and

consequential damages, punitive damages, statutory damages including treble damages, attorney

fees, and costs, and all applicable interests, as well as any further and other relief that this

Honorable Court deems necessary and just, including specific performance.

Respectfully Submitted,

**WEISBERG LAW**                    **SCHAFKOPF LAW, LLC**

*/s/ L. Anthony DiJiacomo, III*          */s/ Gary Schafkopf*
Matthew B. Weisberg                 Gary Schafkopf
Attorney Id. No. 85570              Attorney Id. No. 83362
L. Anthony DiJiacomo, III           11 Bala Ave
Attorney Id. No. 321356             Bala Cynwyd, PA 19004
7 South Morton Ave.                 610-664-5200 Ext 104
Morton, PA 19070                    Fax: 888-283-1334
610-690-0801
Fax: 610-690-0880                   *Attorneys for Plaintiffs*